**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | | |
|---|---|---|
| RONALD LONG, | : | Civ. Action No. 18-4755 (RMB) |
| Petitioner | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| GEORGE ROBINSON, *et al.*, | : | |
| Respondents | : | |

This matter comes before the Court upon Respondents' motion to seal (ECF No. 7), Petitioner's motion for an order for Respondents to file additional portions of the record and an enlargement of time for Petitioner to reply (if needed) ("Petr's Mot. to Compel," ECF No. 9); and Respondents' opposition to Petitioner's motion to compel. ("Respt's Brief," ECF No 10.)

I.   Respondents' Motion to Seal

In support of their motion to seal, Respondents submitted the Declaration of Christopher C. Josephson, Deputy Attorney General, State of New Jersey. ("Josephson Decl.," ECF No. 7-1.) Pursuant to Local Civil Rule 5.3(c), Respondents seek to seal Petitioner's Sentencing Fact Sheet, pre-parole medical summary, and Petitioner's psychological evaluation dated January 15, 2014, attached as Exhibit B to Respondents' answer. (Id., ¶¶4, 5.) In

answer to Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254, Respondents assert:

> Long's petition for a writ of habeas corpus must be dismissed because there is no federal constitutional right to parole and because the decisions of the New Jersey state courts were neither contrary to clearly established federal law nor based upon an unreasonable determination of the facts.

(Legal Argument on Behalf of Respondents in Opposition to Petitioner's Petition for Writ of Habeas Corpus, ECF No. 6-1 at 2.)

Respondents seek to seal Petitioner's pre-sentence report pursuant to State v. DeGeorge, 274 A.2d 593, 595 (N.J. App. Div. 1971) (holding presentence reports should not be a matter of public record.) (Josephson Decl., ¶6.) Respondents seek to seal Petitioner's mental health records pursuant to N.J.A.C. 10A:22-2.7(d) (prohibiting disclosure of an inmate's mental health records to that inmate) and to protect Petitioner's privacy interest in his mental health and medical records. (Id., ¶7.) Respondents contend public disclosure of these confidential records would irreparably violate Petitioner's privacy interests, and there is no less restrictive means to protect those interests but to seal the records. (Id., ¶¶8-9.)

District of New Jersey Local Civil Rule 5.3(c)(2) requires that a motion to seal shall describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or

2

public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available.

Respondents have satisfied the requirements of Local Civil Rule 5.3(c)(2) and the balance of interests weighs in favor of sealing Exhibit B to Respondents' Answer. See U.S. v. Preate, 927 F.Supp. 163, 165 (M.D. Pa. 1996) (citing reasons for confidentiality of presentence reports); see Everett v. Nort, 547 F. App'x 117, 122 n. 9 (3d Cir. 2013) (citing Doe v. Delie, 257 F.3d 309 (3d Cir. 2001) (recognizing important private interest in one's medical records); see United States v. Westinghouse Elec. Corp., 638 F.2d 570, 577 (3d Cir. 1980) (privacy interest exists in medical records because "[i]nformation about one's body and state of health is matter which the individual is ordinarily entitled to retain within the private enclave where he may lead a private life") (internal quotation omitted). The Court will maintain Exhibit B to Respondents' Answer under seal.

II. Petitioner's Motion to Compel

Petitioner seeks to compel Respondents to file the following portions of the state court record: (1) transcript of initial parole hearing on February 12, 2014 (corrected version); (2) transcript of board panel hearing on March 17, 2014 (corrected version); (3) unredacted copy of November 5, 2016 pro se motion to

supplement record with exhibits in Ronald Long v. N.J. State Parole Board, Docket No. A-5196-14T3; (4) Respondents' opposition brief to the above-motion, dated November 18, 2016; (5) Appellate Division Order denying above motion, dated December 12, 2016; (6) inter-office communications in the parole proceedings, dated April 7, 2014 and May 13, 2015, (7) unredacted copy of August 7, 2014 Memorandum from Douglas Chiesa to Thomas Franta, with respect to initial parole hearing; (8) unredacted copy of Exhibit B to Respondents' Answer; (9) CDs filed with Parole Board and Appellate Division in Ronald Long v. N.J. State Parole Board, including (a) August 17, 2011 CourtSmart Audio Transcript; (b) April 27, 2005 investigative report by UPN-TV Channel 9 "I Team" entitled "Lost DNA"; and (c) NJTV "Due Process" report of Petitioner asserting innocence. (Petr's Mot. to Compel, ECF No. 9 at 2-4.)

Respondents opposed Petitioner's motion to compel, arguing that they provided all relevant portions of the State court record as required under Habeas Rule 5(c). ("Respondent's Opp. To Mot. to Compel," ECF No. 10 at 2.) Respondents assert the requested documents and other materials either were not part of the State court record or were items that did not impact the parole decisions. (Id. at 4-5.)

Upon review of the record in this matter, Petitioner has not shown good cause to expand the record because the materials Petitioner seeks are not relevant to habeas review of the state

4

court decisions in this matter. See Habeas Rule 7, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is entitled, however, to an unredacted copy of Exhibit B to Respondent's Answer (ECF No. 8), with the exception of the Confidential Mental Health Evaluation of January 15, 2014, which is confidential as to inmates to protect the safety of inmates or the security and orderly operation of the correctional facility, pursuant to N.J.A.C. 10A:22-2.7(d). Therefore, the Court will grant in part and deny in part Petitioner's motion to compel. Petitioner will be provided an opportunity to file a reply to Respondent's Answer.

**IT IS** therefore on this **12th** day of **March 2019,**

**ORDERED** that Respondents' motion to seal (ECF No. 7) is **GRANTED**; the Clerk of Court shall maintain under seal Exhibit B to Respondents' Answer (ECF No. 8); and it is further

**ORDERED** that Petitioner's motion to compel (ECF No. 9) **is GRANTED in part,** Respondents shall serve on Petitioner, within seven days of the date of this Order, unredacted copies of the Order for Presentence Investigation, Sentencing Fact Sheet, and Pre-Parole Medical Report contained in Exhibit B to Respondents' Answer (ECF No. 8 at 3-7); the remainder of Petitioner's motion to compel is **DENIED**; and it is further

**ORDERED** that Petitioner may file a reply to Respondent's Answer within 21 days of the date of this Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order on Petitioner by regular U.S. mail.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
**United States District Judge**