**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

| | |
|---|---|
| RONALD LONG, : | Civ. Action No. 18-4755(RMB) |
| Petitioner : | |
| v. : | **OPINION** |
| GEORGE ROBINSON, *et al.*, : | |
| Respondents : | |

**BUMB, United States District Judge.**

On March 28, 2018, Petitioner Ronald Long filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging the May 27, 2015 decision of the New Jersey State Parole Board ("NJSPB") denying parole and imposing a 96-month future eligibility term. (Petr's Mem. of Law and App'x in Supp. of Pet. for Writ of Habeas Corpus ("Petr's Mem.", ECF No. 1-5 at 2.) On April 26, 2019, Respondents filed a letter application to dismiss the petition as moot because Petitioner was released on parole on January 31, 2019. (Letter, ECF No. 13.) For the reasons discussed below, the Court will dismiss the petition as moot and deny a certificate of appealability.

I. THE PETITION

Petitioner asserted the following in his memorandum of law in support of his habeas corpus petition.

> No presentence investigation was conducted in this case and no presentence report was filed in this matter. Thus, the parole hearing proceeded without a presentence report needed for a pre-parole report in violation of N.J.A.C. 10A:71-3.7(e)2.
>
> A presentence report is required for the preparation of a pre-parole report. The lack of a pre-parole report denied petitioner a fair parole, hearing process, in violation of due process.

(Petr's Mem., ECF No. 1-5 at 6.)

For a second ground for relief, Petitioner asserted,

> the parole hearing process included the use of false information against petitioner. The two- and three-Panel members relied on false information to deny parole and imposed a 96-month FET. These false reasons were (1) prior opportunity on parole failed to deter criminal behavior; (2) prior incarceration failed to deter criminal behavior; and (3) prior criminal record. After appealing to the full New Jersey State Parole Board, the two- and three-Panel members amended their decisions to remove the false information, and to add a mitigating factor on NO PRIOR CRIMINAL RECORD. However, the decisions denying parole and imposing a 96-month FET, that were based on these false reasons, remained intact.
>
> Petitioner had a liberty interest to a fair parole hearing process, without the Panels relying on false information. Petitioner also had an equal protection right to a fair parole hearing the same as any other prisoner. There was no rational basis for the two- and three-Panel members to rely on false information to form their decisions, much less withdraw the false information with the decisions remaining intact.

(Id. at 9.)

On September 8, 2017, the Appellate Division affirmed the NJSPB's decision, and the New Jersey Supreme Court denied Petitioner's petition for certification on March 9, 2018. (Petr's Mem., ECF No. 1-5 at 5.)

II. DISCUSSION

   A. Mootness

A district court has subject matter jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court has jurisdiction under § 2254 if two requirements are satisfied: (1) the petitioner is "in custody" pursuant to a judgment of a State court, and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).

The exercise of judicial power, however, depends upon the existence of a case or controversy. U.S. Const. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate…. The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78

(1990) (quoting Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (quoting Baker v. Carr, 369 U.S. 186, 204 (1962))." "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted).

Petitioner challenges the NJSPB's May 27, 2015 decision denying his release on parole and imposing a 96-month future parole eligibility date. It is undisputed that the NJSPB released Petitioner on parole on January 31, 2019. (Letter, ECF No. 13.) If this Court were now to rule in Petitioner's favor, there is no habeas relief that could be granted to redress Petitioner's unlawful incarceration. See Razzoli v. FCI Allenwood, 200 F. App'x 166, 169 (3d Cir. 2006) (per curiam) (finding the petitioner's habeas claims moot because "[t]hrough the passage of time Razzoli has been released on parole, thereby obtaining the relief that he sought through habeas[.]")

Moreover, in Spencer v. Kemna, the Supreme Court expressly refused to extend "the presumption of collateral consequences which is applied to criminal convictions … to revocations of parole." 523 U.S. at 8, 14. The petition became moot when the NJSPB granted parole because Petitioner was no longer threatened with "an actual injury traceable to the [respondent] and likely to be

redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see Razzoli, 200 F. App'x at 169 ("The function of habeas corpus is to provide release from illegal custody"); see also Bullock v. Superintendent Huntingdon SCI, C.A. No. 17-2476, 2017 WL 6852866 (3d Cir. Dec. 19, 2017) ("we will not presume collateral consequences … where [the petitioner] challenges a parole denial.") The Court will therefore dismiss the petition as moot.

B. Certificate of Appealability

The Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that this Court was correct in dismissing the petition as moot. See Slack v. McDaniel, 529 U.S. 473, 478 (2000) ("where the petition was dismissed on procedural grounds," … the second component of the § 2253(c) inquiry [is] whether jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect.")

III. CONCLUSION

For the reasons set forth above, the Court will dismiss the petition as moot and decline to issue a certificate of appealability.

An appropriate Order follows.

Date: April 30, 2019        s/Renée Marie Bumb
                                **RENÉE MARIE BUMB**
                                **United States District Judge**